UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN JAMES ALTIMONTE,

                              Plaintiff,                    6:21-cv-680 (BKS/TWD)

v.

DR. RONALD M. LEBOZ, et al.,

                              Defendants.

---

**Appearances:**

*For Plaintiff*:
John James Altimonte, pro se
Utica, NY 13501

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff pro se John James Altimonte filed this action against Dr. Ronald M. Leboz, Carol Altimonte, and Joseph Paul Altimonte, alleging that he and his mother have been the victims of "human trafficking." (Dkt. No. 5). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on July 21, 2021, issued a Report-Recommendation recommending that Plaintiff's complaint be dismissed, with leave to amend. (Dkt. No. 7). Magistrate Judge Dancks noted that "the collection of allegations in Plaintiff's complaint do not provide any indication of the causes of action Plaintiff intends to assert against Defendants or whether this Court has jurisdiction over the action." (*Id.* at 4). Insofar as Plaintiff sought to rely on 18 U.S.C. §§ 241, 242, Magistrate Dancks noted that these are criminal statutes which do not give rise to civil liability. (*Id.* at 5 n.4). Magistrate Judge Dancks advised Plaintiff that, under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections to

the Report, and that failure to object to the Report within fourteen days would preclude appellate review. (*Id.* at 6).

On August 4, 2021, Plaintiff filed a letter labeled "objection." (Dkt. No. 8). For the reasons set forth below, the Report-Recommendation is adopted, and the complaint is dismissed without prejudice and with leave to amend.

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

In his letter objection Plaintiff asserts additional facts. (Dkt. No. 8). Plaintiff states that he observed his mother "trafficked to death" by the Defendants – Plaintiff's siblings and their spouses. (*Id.* at 1–2). Plaintiff asserts that the Defendants denied his mother medical attention when she was suffering from traumatic brain injury; that Defendant Carol Altimonte "falsely imprisoned" Plaintiff's mother at a local hospital; and that Defendant Carol Altimonte was

"trying to kill my mother and me." (*Id.* at 7, 9). Plaintiff has, however, failed to identify any portion of the Report-Recommendation that Plaintiff asserts to be error. Plaintiff has failed to articulate any objection to Magistrate Judge Dancks' determination that the complaint "[does] not provide any indication of the causes of action Plaintiff intends to assert against Defendants or whether this Court has jurisdiction over the action." (Dkt. No. 7, at 4).[1] Plaintiff has thus failed to preserve an objection to the Report-Recommendation, and the Court's review is for clear error. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts it for the reasons stated therein.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 7) is **ADOPTED** in all respects; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED**, with leave to amend within thirty (30) days from the date of this Order; and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within 30 days from the date of this Order or to request an extension of time to do so, the Clerk is directed to enter judgment without further order of this Court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 7, 2021
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[1] The Court notes that Plaintiff filed this action using a form for civil rights complaints under 42 U.S.C. § 1983. Section 1983 provides a cause of action for constitutional or statutory violations, committed by a person acting "under color of state law." 42 U.S.C. § 1983. A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (citation omitted). Here, the Defendants are private individuals and there is no indication that any of the Defendants acted under color of state law.